**IN THE
TEXAS COURT OF CRIMINAL APPEALS**

ANTONIO MEJIA RUIZ,

    Petitioner,

vs.                                                    No. 08-14-00026-CR

THE STATE OF TEXAS,

    Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jeffrey C. Grass & Associates, PLLC

Jeffrey Grass
SBN 00787581
101 E. Park Blvd., Ste. 107
Plano, Texas 75074
Tel: (972) 422-9999
Fax: (972) 423-2646
Jeff@GrassLaw.com

RECEIVED IN
COURT OF CRIMINAL APPEALS

July 30, 2015

ABEL ACOSTA, CLERK

**PETITIONER REQUESTS ORAL ARGUMENT**

# TABLE OF CONTENTS

Index of Authorities…………………………………………………………………3

Statement Regarding Oral Argument…………………………………………………..3

Statement of the Case………………………………………………………………..4

Statement of Procedural History……………………………………………………..4

Grounds for Review…………………………………………………………………4

Argument……………………………………………………………………………5

    1. The trial court erred in not instructing the jury to consider the lesser
       offense of Aggravated Sexual Assault on a Child (ASAC).

        A. There is precedent that states the court should instruct the jury
           on a lesser-included offense when there is evidence that could
           possibly convict the defendant of the lesser offense. *Hicks v.*
           *State*, 372 S.W.3d 649 (Tex.Crim.App.2012).

        B. The offense of ASAC has been previously used and stated as
           an appropriate lesser-included instruction for the offense of
           Continuous Sexual Assault of a Child (CSAC). *Solis v. State*,
           353 S.W.3d. 850 (Tex.Crim.App.2012).

Prayer for Relief……………………………………………………………………9

Certificate of Service………………………………………………………………10

Certificate of Compliance…………………………………………………………..11

Appendix……………………………………………………………………………12

# INDEX OF AUTHORITIES

**Cases**

*Hicks v. State*, 372 S.W.3d 649 (Tex.Crim.App.2012)…………………………..2,5

*Solis v. State*, 353 S.W.3d. 850 (Tex.Crim.App.2012)…………………………..2,7

**Statutes**

TEX. PENAL CODE ANN. 21.02 (West Supp.2012)

TEX. CODE CRIM. PROC. art. 37.09

TEXAS RULE OF APPELLATE PROCEDURE 25.2

# STATEMENT REGARDING ORAL ARGUMENT

The petitioner believes that an oral argument would be productive because the evidence in the case is disputed between the prosecution and the petitioner. The evidence that is disputed is also the evidence that decides whether the petitioner could be prosecuted for CSAC or the lesser charge of Aggravated Sexual Assault of a Child. Petitioner believes that the facts could be discussed more productively orally.

## STATEMENT OF THE CASE

The petitioner was indicted for Continuous Sexual Assault of a Child, convicted, and sentenced to life in prison. The petitioner appealed on the grounds that the court should have instructed the jury to consider the lesser charge of Aggravated Sexual Assault on a Child. The court declined to rule in favor of the petitioner in the original appeal, stating that there was not sufficient evidence to conclude that the abuse did not occur multiple times within thirty days. The petitioner challenges this holding.

## STATEMENT OF PROCEDURAL HISTORY

The Eighth Court of Appeals in Texas issued their opinion on May 29, 2015. No motion for rehearing was filed, therefore there was no date the motion for rehearing was either accepted or denied.

## GROUNDS FOR REVIEW

1. The trial court erred by instructing the jury solely on the charge of Continuous Child Sexual Assault and refusing to instruct on the lesser included offense of Aggravated Sexual Assault of a Child, therefore the petitioner was denied a fair trial.

## ARGUMENT

**1. The court erred in not instructing the jury to consider the lesser offense of Aggravated Sexual Assault on a Child (ASAC).**

**A. There is precedent that states the court should instruct the jury on a lesser-included offense when there is evidence that could possibly convict the defendant of the lesser offense. Hicks v. State, 372 S.W.3d 649 (Tex.Crim.App.2012).**

A "lesser-included offense" is defined in the Texas Code of Criminal procedure as:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;13

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense." TEX.CODE CRIM. PROC. art. 37.09.

If an offense meets any of these requirements, then it should be considered a lesser offense to the offense that the defendant is originally charged with. The facts of the case show that neither of the states witnesses (the 12-year-old █████████ (NP) or Antonio Ruiz (Petitioner)) were certain about the dates of the sexual encounters and neither could say with certainty that the sexual encounters happened multiple times in a thirty day period. Detective Caballero[1] stated that the Petitioner said in his original interview with the Police that the first sexual encounter with NP happened in November or December 2011, and then later stated a different date. (RR v3 p141) The Petitioner then stated the second sexual encounter occurred in March or

---

[1] Detective Caballero was the Law Enforcement Officer that originally interviewed the Petitioner before he was indicted.

April of 2012. (RR v3 p144). Finally, the Petitioner testified the third instance of sexual intercourse happened in May of 2012. (RR v3 p 145) Therefore, there should have been sufficient doubt in order for the court to instruct the jury to consider the lesser offense of ASAC. The State cannot say without a doubt that the jury would have believed the inconsistent testimony of the two witnesses, raising enough doubt to allow the jury to consider the lesser offense.

**B. The offense of ASAC has been previously used and stated as an appropriate lesser-included instruction for the offense of Continuous Sexual Assault of a Child (CSAC). Solis v. State, 353 S.W.3d. 850 (Tex.Crim.App.2012).**

In the case *Solis v. State*, the Court of Criminal Appeals decided that ASAC was an acceptable lesser offense to CSAC. The court reviewed the history of the law and pointed to a legislative committee hearing in which Former State Senator Florence Shapiro stated:

"There will not have to be a retrial as long as it is within the confines of the continuous sexual assault.... If in fact during the trial of the continuous sexual assault, ... the jury says that maybe they couldn't find him guilty or her guilty of all of the continuous actions, they can specify one of these five[sexual offenses] without actually having to go

back and retrying this case again." *Solis*, 353 at 853 (Citing Senate Comm. on Criminal Justice, public hrg., S.B. 78, video at 41:25–42:05 (March 20, 2007).

`After the court reviewed this information, it was determined that ASAC was in fact a viable lesser offense to CSAC.

## PRAYER FOR RELIEF

For reasons stated above, the Petitioner was denied a fair trial. Wherefore, premises considered, Petitioner prays the court decides to reverse the conviction and grant the Petitioner a new trial.

Respectfully,

/s/ Jeffrey C. Grass_____
Jeffrey C. Grass

Jeffrey Grass
SBN 00787581
101 E. Park Blvd., Ste. 107
Plano, Texas 75074
Tel: (972) 422-9999
Fax: (972) 423-2646
Jeff@GrassLaw.com
ATTORNEY FOR PETITIONER

8

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2015, a copy of the foregoing Petition for

Discretionary Review was served on the following by certified mail, return

receipt requested:

Greg Willis
John R. Rolater, Jr.
Libby J. Lange
2100 Bloomdale Rd., Suite 200
McKinney, TX 75071

/s/ Jeffrey C. Grass_____
Jeffrey C. Grass

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Petition complies with the word limitations set forth in

the Texas Rule of Appellate Procedures 9.4(i)(2)(D). Relying on the word count

provided in the word processing document used to produce this brief, the

undersigned attorney certifies that this Petition contains 1,218 words.

/s/ Jeffrey C. Grass_____
Jeffrey C. Grass

# APPENDIX



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANTONIO MEJIA RUIZ, | § | No. 08-14-00026-CR |
| Appellant, | § | Appeal from the |
| v. | § | 296th Judicial District Court |
| | § | of Collin County, Texas |
| THE STATE OF TEXAS, | § | (TC# 296-82375-2012) |
| Appellee. | § | |

## O P I N I O N[1]

A jury found Antonio Mejia Ruiz guilty of continuous sexual abuse of a child and sentenced him to life imprisonment. On appeal, Ruiz contends the trial court erred by failing to instruct the jury on the lesser-included offense of aggravated sexual assault of a child. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The offense of continuous sexual abuse of a child (hereinafter, "CSAS") occurs when a person commits any of several enumerated acts of sexual abuse two or more times "during a period . . . 30 or more days in duration[.]" *See* TEX.PENAL CODE ANN. § 21.02 (b)(1), (c)(1)-(8)(West Supp. 2014). One of the enumerated acts is aggravated sexual assault of a child (hereinafter, "ASAC"). *See id.* § 21.02 (c)(4). The indictment in this case alleged that, from on or about

---

[1] This case was transferred to this Court from the Fifth Court of Appeals pursuant to an order issued by the Supreme Court of Texas. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013).

March 30, 2012 to June 1, 2012, Ruiz committed eight separate and distinct acts of sexual abuse against N.P., including six instances of ASAC: (1)-(2) penetrating N.P.'s vagina with his penis and finger; (3)-(5) contacting N.P.'s vagina, anus, and mouth with his penis; and (6) contacting N.P.'s vagina with his mouth. At the time of the commission of each of these acts, Ruiz was 19 years old and N.P. was 12 years old.[2]

There is no dispute that Ruiz sexually abused N.P. He confessed to investigating officers that he had sexual intercourse with N.P. on three occasions, the first occurring sometime in November or December 2011 in an alley, the second in March or April 2012 in the same alley, and the third in May 2012 in a parking lot. Ruiz also confessed to other acts of sexual abuse, including having N.P. perform fellatio on him and masturbate him on one of the intervening days between the second and third instances of sexual intercourse. N.P. shared that she had sexual intercourse with Ruiz on three occasions, the first occurring in an alley in late March 2012, approximately one week after her 12th birthday,[3] and the second and third instances occurring sometime thereafter. Although N.P. was unable to pinpoint the specific dates on which the second and third instances of sexual intercourse occurred, she related that these incidents took place, respectively, in her friend's apartment and in Ruiz's truck. N.P. also related that the last act of sexual abuse occurred at her friend's apartment in June 2012. N.P. remembered the date of this incident because it occurred at a party on or near the last day of school.

Contending that N.P.'s statements and testimony failed to establish with certainty "when this all got started," Ruiz requested an instruction on the lesser-included offense of ASAC to allow

---

[2] It is a statutory requirement that, "at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age." TEX.PENAL CODE ANN. § 21.02 (b)(2). Ruiz does not contend this statutory requirement was not met.

[3] N.P. was born March 23, 2000.

2

the jury to convict him if it did not "believe beyond a reasonable doubt that these incidents occurred outside of the 30 day time frame[.]" The State objected, arguing that the instruction was not warranted because "no rational jury could find anything but a continuous [offense]" based on the "evidence from both [N.P.] and from the defendant's statement that he gave to the detectives." The trial court denied Ruiz's request.

## LESSER-INCLUDED OFFENSE

Ruiz argues the trial court should have instructed the jury on the lesser-included offense of ASAC because the jury could have disbelieved the testimony of the State's witnesses and concluded that the sexual abuse was committed in a 30-day period. But an instruction on a lesser-included offense is not warranted merely because the jury may disbelieve crucial evidence pertaining to the greater offense. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex.Crim.App. 1994). Instead, it is warranted solely if there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense.[4] *Id.* In other words, there must be some evidence affirmatively rebutting or negating an element of the greater offense, or some evidence subject to different interpretation, one of which rebuts or negates the crucial element. *Ramirez v. State*, 976 S.W.2d 219, 227 (Tex.App.--El Paso 1998, pet. ref'd). The State—correctly conceding ASAC is a lesser-included offense of CSAC[5]—asserts that the trial court did not err by refusing to instruct the jury as requested by Ruiz because there is no such evidence. We agree.

---

[4] This is one of two requirements that must be met before a lesser-included offense is submitted to the jury. *See Hall v. State*, 225 S.W.3d 524, 535-36 (Tex.Crim.App. 2007). The other is that the charged offense also includes the lesser offense. *Id.*

[5] *See Soliz v. State*, 353 S.W.3d 850, 854 (Tex.Crim.App. 2011)(holding that "a[ ] [predicate] offense listed under Subsection (c) will always" be a lesser offense of continuous sexual abuse because the latter "is, by its very definition, the commission under certain circumstances of two or more of the offenses listed in Subsection (c)")[Internal quotations and emphasis omitted].

3

The record does not support an instruction on the lesser-included offense of ASAC. Ruiz does not direct our attention to some evidence that *all* the acts of sexual abuse occurred *only* within a 30-day window, and our examination of the record fails to so establish. While Ruiz is correct in that the State did present evidence of a specific date on which the acts of sexual abuse ended, *i.e.*, June 1, 2012, there is no evidence in the record to suggest that all the acts of sexual abuse did not occur for 30 days or more. That a jury could disbelieve the testimony of the State's witnesses regarding the date range for the continuous sexual abuse is not affirmative evidence that the abuse did not take place over the required number of days. *See Bignall*, 887 S.W.2d at 24. Even if jury did not believe the State's witnesses, the record establishes that the acts of sexual abuse occurred for 30 days or more. In his stationhouse interview with the police, the English transcription of which was admitted at trial, Ruiz divulged that he penetrated N.P.'s vagina with his finger in March 2012 and had sexual intercourse with her the third time "[a]bout a month and a half or two" before the interview, which took place on July 11, 2012. Based on the evidence in the record, a jury could not rationally find that if Ruiz is guilty, he is guilty only of the lesser-included offense of ASAC. Ruiz's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


May 29, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

4

Print this page

# Envelope 6272892

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 07/29/2015 01:02:17 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Jeffrey Grass |
| Firm Name | Law Offices of Jeffrey C. Grass |
| Filed By | Jeffrey Grass |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Visa Debit |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 10285015 |
| Order # | 006272892-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | |
| Reference Number | 08-14-00026-CR |
| Comments | If there are any problems, please contact Riley Mrozek at (972) 786-5558. |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | 07/30/2015 | The petition for discretionary review does not contain the identity of Judge, Parties |

| Other | 02:30:42 PM | and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| *Lead Document* | Ruiz PDR with opinion.pdf | [Original] |